UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM LIPPS,

    Plaintiff,

v.

SUTTER AMADOR HOSPITAL, et. al.,

    Defendants.

No. 2:15-cv-02485 GEB AC P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint (ECF No. 1), plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. ECF No. 6.

**I.    Application to Proceed In Forma Pauperis**

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**III.     Screening Order**

Plaintiff alleges that, on January 6, 2014, he received treatment at defendant Sutter Amador Hospital. ECF No. 1 at 4. He claims medical staff at the hospital took blood and urine samples from him without permission in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. Id. Plaintiff also claims that staff, including defendant Heatly, violated both these rights and patient confidentiality by making the results of these tests available to prison officials responsible for his custody. Id. at 4-5. The documents attached to the complaint indicate that the tests revealed the presence of Amphetamine in his system. Id. at 9. The documents also reveal that plaintiff was admitted to the hospital for seizure treatment and the tests were undertaken because hospital staff determined his behavior was erratic. Id. at 10. Plaintiff alleges that prison officials punished him based on the positive drug test. Id. at 5-6. The court finds that these allegations, as articulated, fail to state a cognizable claim.

As a general matter, private hospitals and doctors are not state actors and therefore cannot be sued under § 1983. See Briley v. California, 564 F.2d 849, 855-856 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section."); see also Babchuk v. Indiana Univ. Health, Inc., 809 F.3d 966, 970-71 (7th Cir. 2016). Plaintiff might be able to hold these defendants liable if either contracted directly with the state to provide medical services to inmates. See West v. Atkins, 487 U.S. 42, 54 (1988). The Ninth Circuit has emphasized that "[i]n order to show that a private action is in fact state action, the plaintiff must show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Grijalva v. Shalala, 152 F.3d 1115, 1119 (9th Cir. 1998) vacated on other grounds by 526 U.S. 1096 (1999). The documents attached to the complaint indicate that plaintiff was admitted to the hospital because he was having a seizure; not because the hospital generally contracts with the state to provide routine medical care to inmates. ECF No. 1 at 10-11. Plaintiff will be given leave to amend in

3

order to plead additional facts which speak to this issue.

The court also notes that plaintiff's claim regarding patient confidentiality is not cognizable. The Ninth Circuit has held that "prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010); see also Thompson v. Souza, 111 F.3d 694, 700 (9th Cir. 1997) (finding that testing of prisoners for the purpose of detecting the presence of illicit drug use is reasonably related to the legitimate penological goal of keeping illicit drugs out of prisons). Plaintiff's current allegations do not allege that the state had no legitimate penological interest in his test results. Instead, plaintiff appears to incorrectly allege that he had an absolute right to the confidentiality of his medical records. Id. at 5. Plaintiff will be afforded a chance to amend this claim as well.

**IV.    Leave to Amend**

Plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

////

4

being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

**V.     Summary of the Order**

You have been granted in forma pauperis status and will not have to pay the entire filing fee immediately.

The court has found that your claims, as stated, are not suitable to proceed. Private doctors and hospitals generally do not act under color of state law for the purposes of section 1983. Successful section 1983 claims against private physicians and medical facilities typically involve situations where the private actor's conduct is an extension of state action. You also do not have an absolute right to the privacy of your medical records as a prisoner.

You are being given a chance to submit an amended complaint which fixes the problems with your claims.

**VI.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend within 30 days of service of this order.

////

////

4. Failure to comply with this order may result in dismissal of this action.

DATED: May 12, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE